UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE AGEO LUNA VANEGAS,
on behalf of himself and all
others similarly situated,

        Plaintiff,

    v.

SIGNET BUILDERS, INC.

        Defendant.

Case No. 21-cv-54

**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b)**

---

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages and declaratory relief by a Mexican H-2A guest worker against the employer for which he worked for a number of years between 2004 and 2019. Plaintiff alleges that Defendant Signet Builders, Inc. violated his rights and the rights of other similarly situated workers under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2. Plaintiff Jose Ageo Luna Vanegas is a citizen of Mexico who was legally admitted to the United States on a temporary basis pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) to work for Defendant building livestock confinement structures in several U.S. states for various years between 2004 and 2019. In 2019, Plaintiff worked for Defendant in Wisconsin for approximately three months and Indiana for approximately five months.

3. Defendant violated its obligations to Plaintiff, and all others similarly situated, under federal law by failing to pay them overtime wages as required by the FLSA. Plaintiff, on behalf of himself and all others similarly situated ("Prospective Class Members"), seeks recovery of unpaid wages, liquidated damages, costs of litigation, and attorney's fees.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216, as this action arises under the FLSA.

5. This Court has personal jurisdiction over Defendant Signet Builders, Inc. ("Signet") because Signet maintains continuous and systematic contacts with the state of Wisconsin. In 2019, Signet employed Plaintiff at work sites near Lake Mills, Wisconsin and housed Plaintiff in Whitewater, Wisconsin. During 2020, Signet conducted business and employed agricultural guestworkers near Lake Mills.

6. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2)-(3) and (c)(2) because many of the acts or omissions that give rise to Plaintiff's claims occurred within this District, and because Defendant is subject to the Court's personal jurisdiction.

## PARTIES

8. Plaintiff, Jose Ageo Luna Vanegas is a citizen and resident of Mexico. During the periods of time relevant to this action, Plaintiff was admitted to the United States under the H-2A temporary foreign worker visa program administered by the U.S. Department of Labor pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) to perform labor for Defendant. Workers admitted into the United States on H-2A visas are commonly known as "H-2A workers." In

this case, the labor was to be performed "[o]n farms," with the workers employed to "unload materials, lay out lumber, tin sheets, trusses, and other components for building livestock confinement structures. Lift tin sheets to roof and sheet walls, install doors, and caulk structure. Clean up job sites. Occasional use of forklift upon employer provided certification." Prospective Class Members are other H-2A workers who worked for the Defendant during 2019 and 2020 constructing livestock buildings who were not paid at one and one-half times their regular rate for hours worked in excess of 40 during a workweek. Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

9. Defendant, Signet Builders, Inc. is a construction company in interstate commerce, providing services to businesses in Wisconsin, Iowa, Indiana, and other U.S. states. Signet Builders, Inc. conducts business in this District. Plaintiff and the other Prospective Class Members worked with and handled materials that had moved in interstate commerce, including tin sheets, lumber, and supplies. During both 2019 and 2020, Defendant's enterprise had annual gross volume of business done in excess of $500,000.

10. At all times relevant to this action, Defendant employed Plaintiff and Prospective Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d), and was their "employer" within the meaning of 20 C.F.R. § 655.103(b).

## FACTS
### Defendant's Participation in the H-2A Visa Program

11. An employer in the United States may import H-2A workers to perform agricultural labor or services on a seasonal or temporary basis if the U.S. Department of Labor ("DOL") certifies that: (1) there are insufficient available workers within the United States to perform the job;

and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly situated U.S. workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188(a)(1).

12. Employers seeking the admission of H-2A workers must first file an application for temporary employment certification with the DOL.  20 C.F.R. § 655.130.

13. The temporary employment certification application must include a job offer, commonly referred to as a "clearance order" or "job order," that complies with applicable regulations and is used in the recruitment of both U.S. and H-2A workers.  20 C.F.R. § 655.121(a)-(c). The DOL's regulations establish the minimum benefits, wages, and working conditions that must be offered in order to avoid adversely affecting U.S. workers.  20 C.F.R. §§ 655.0(a)(2), 655.122 and 655.135.  The temporary employment certification application and the clearance order serve as the employment contract between the employer and the H-2A workers.  20 C.F.R. § 655.122(q).

14. During 2019 and 2020, Defendant, Signet filed various applications to employ temporary foreign workers through the H-2A program to perform labor in a number of different U.S. states.

15. Three of Signet's employment certification applications sought admission of 20 workers to provide labor at N5344 Crossman Road in Lake Mills, Wisconsin and County Road South C, County Road A also in Lake Mills, Wisconsin from 1) March 15, 2019 to May 31, 2019; 2) May 1, 2019 to January 15, 2020; and 3) May 31, 2019 to January 15, 2020.  Plaintiff was hired and employed pursuant to at least one of these temporary employment certifications.

16. Between 2019 and 2020, Defendants obtained over ninety separate employment certifications, many with identical job descriptions, seeking admission of workers to construct livestock confinement buildings at sites in various U.S. States including Wisconsin,

Iowa, Indiana, and other U.S. states. None of Defendant's employment certification applications involved activities to be performed on properties owned or controlled by Signet, and none of the job descriptions involved having any contact with livestock on the farms. Many of Defendant's temporary employment certification applications and accompanying clearance orders contained identical job descriptions and requirements: "[o]n farms, unload materials, lay out lumber, tin sheets, trusses, and other components for building livestock confinement structures. Lift tin sheets to roof and sheet walls, install doors, and caulk structure. Clean up job sites. Occasional use of forklift upon employer provided certification." The remaining temporary employment certifications and accompanying clearance orders contained substantially similar job descriptions.

17. Each of the clearance orders included with the temporary employment certification applications described in Paragraphs 15 and 16 each contained a certification signed by Defendant that the orders described the actual terms and conditions of employment and contained all material terms and conditions of the job. These certifications are required by 20 C.F.R. § 653.501(c)(3)(viii).

18. After Defendant's temporary employment certification applications described in Paragraphs 15 and 16 were approved by the DOL, the Defendant submitted Petitions for Non-immigrant Workers (Form I-129) to U.S. Citizenship and Immigration Services of the Department of Homeland Security, and once these were approved, the U.S. Consulate in Monterrey, Mexico issued H-2A visas to fill the manpower needs described in the temporary employment certification applications and the accompanying clearance orders.

### Plaintiff's Employment with Defendant

#### a. *Plaintiff and Prospective Class Members Performed Non-Agricultural Work in All Workweeks*

19. Plaintiff and the Prospective Class Members were assigned job duties as described in Signet's temporary employment certifications and accompanying job orders. Consistent with those job descriptions, Plaintiff and Prospective Class Members never had any contact with the livestock being raised on the various farms where their construction work was performed.

20. During each workweek they worked for Defendant in 2019 or 2020, Plaintiff and Prospective Class Members were employed exclusively in non-agricultural work within the meaning of the FLSA, 29 U.S.C. §203(f). The work performed by Plaintiff and Prospective Class Members, as described in Defendant's clearance orders, was neither performed in the employment of a farmer nor was it performed incidentally to--or in conjunction--with the farming operations of any farmer.

#### b. *Defendant Failed to Pay Overtime Wages*

21. While employed by Defendant in 2019 or 2020, Plaintiff and Prospective Class Members routinely worked more than 40 hours per week.

22. Although Plaintiff and Prospective Class Members performed exclusively non-agricultural work, Defendant failed to pay Plaintiff and Prospective Class Members for their work hours in excess of 40 per week at a rate not less than one and one-half times their regular rate, in violation of the FLSA, 29 U.S.C. § 207 and 29 C.F.R. § 780. 11.

### Collective Action Allegations

23. Plaintiff brings these claims on behalf of himself and all other similarly situated persons pursuant to 29 U.S.C. § 216(b). The class of similarly situated individuals consists of all H-

2A workers employed by Defendant during 2019 or 2020 who were not paid at one and one-half times their regular rate for hours worked in excess of 40 during a workweek.

24. Plaintiff and Prospective Class members all performed the same or substantially similar construction job duties. These job duties were those set out in Signet's numerous temporary labor certifications, as described in Paragraphs 15 through 19.

25. During 2019, Defendant employed hundreds of H-2A workers, including Plaintiff, and assigned them exclusively non-agricultural construction work at job sites in at least ten different U.S. states. In 2020, Defendant also employed hundreds of H-2A workers to perform non-agricultural construction labor. Defendant failed to pay Plaintiff and other Prospective Class Members for their work hours in excess of 40 per week at a rate not less than one and one-half times their regular rate, in violation of the FLSA, 29 U.S.C. § 207 and 29 C.F.R. § 780.11.

26. Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all H-2A workers employed by Defendant during 2019 or 2020 who were not paid at one and one-half times their regular rate for hours worked in excess of 40 during a workweek. Notice of the pendency and any resolution of this action can be provided to the members of the class by mail, print publication, radio, internet publication, social media postings in H-2A Facebook groups, direct messages to individuals via Facebook Messenger, Instagram and WhatsApp, and/or through nongovernmental organizations based in the employees' sending communities in Mexico.

## **CLAIM FOR RELIEF**
FAILURE TO PAY OVERTIME WAGES
FAIR LABOR STANDARDS ACT (FLSA)

27. Defendant's failure to pay overtime wages to Plaintiff and the Prospective Class Members appears to be based on its belief that these workers' labor was exempt from the FLSA's overtime requirements because of the so-called agricultural exemption, 29 U.S.C. §213(b)(12). To qualify for the agricultural exemption, an employer must demonstrate that the worker's employment falls within the definition of agriculture in Section 203(f): "any practices performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market."

28. The work of Plaintiff and Prospective Class Members consisted exclusively of constructing livestock confinement buildings as described in Defendant, Signet's temporary employment certification applications and accompanying clearance orders. Plaintiff and Potential Class Members had no contact with the livestock at the farms on which those buildings were constructed, none of which were owned or operated by Signet. As such, their work did not fall within the agricultural exemption to the FLSA's overtime requirements, 29 U.S.C. §213(b)(12)

29. In 2019 and 2020, the work performed by Plaintiff and Prospective Class Members in each and every workweek was comprised of non-agricultural work that was not exempt from the overtime hours provisions of the FLSA.

30. Defendant violated the FLSA overtime hours provisions, 29 U.S.C. § 207, by failing to pay Plaintiff and Prospective Class Members at one- and- one- half times their regular rate of pay for their hours worked in excess of 40 in all workweeks in 2019 and 2020, as described in Paragraphs 20 through 22.

31. As a consequence of Defendant's violations of the FLSA, Plaintiff and Prospective Class Members are entitled to recover their unpaid overtime wages; an equal amount in liquidated damages; costs of suit and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) Allow this action to proceed as a collective action pursuant to 29 U.S.C. §216(b) for all H-2A workers employed by Defendant in 2019 or 2020;

(b) Order that notice of the lawsuit be issued in an effective manner to the members of the putative class described in Paragraph 23 so that similarly-situated employees may promptly file consent forms and join this action;

(c) Declare that Defendant has violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, as set forth in Paragraphs 22 and 30;

(d) Enter judgment in favor of Plaintiff and against Defendant on his FLSA overtime wage claims;

(e) Award Plaintiff his unpaid overtime wages, an equal amount in liquidated damages, costs of court, and attorney's fees;

(f) Grant judgment in favor of those similarly situated who consent to join this action on their FLSA claims and award each of them the amount of his unpaid overtime wages, along with an equal amount as liquidated damages;

(g) Award Plaintiff his costs incurred in this action;

(h) Award reasonable attorney's fees; and

(i) Grant such further relief as this Court deems just and appropriate.

Dated this 26th day of January 2021.

      Respectfully submitted,

By: *s/Jennifer J. Zimmermann*
Jennifer J. Zimmermann
*One of Plaintiff's Attorneys*

Jennifer J. Zimmermann, WI Bar No. 1067828
jjz@legalaction.org
Erica Sweitzer-Beckman, WI Bar No. 1071961
elb@legalaction.org
LEGAL ACTION OF WISCONSIN
744 Williamson Street, Suite 200
Madison, WI 53703
Tel: 608-256-3304
Fax: 608-256-0510
*Attorneys for Plaintiff*