# NOTICE OF PENDENCY OF LAWSUIT

**TO:** All hourly jobsite employees of Century Fence, who worked on a jobsite for Century Fence on or after May 1, 2015.

You are receiving this Notice because you are and/or were a hourly employee of Century Fence, who worked on one or more jobsites for Century Fence during the time period on and after May 1, 2015.

**PURPOSE OF NOTICE**

This Notice is to inform you about a lawsuit in which you are potentially eligible to participate; how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit; and how to join in this lawsuit, should you choose to do so. Please note that this Notice is only for the purpose of determining the identity of those persons who wish to be involved in this action. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court.

**DESCRIPTION OF THE LAWSUIT**

A lawsuit has been brought by Michael Reilly, William Coulman, and Jason Ramsdell ("Plaintiffs") against Century Fence in the United States District Court for the Western District of Wisconsin (Case No. 18CV315). The lawsuit advances four separate federal law overtime pay claims against Century Fence.

First, the lawsuit alleges Century Fence violated the FLSA by failing to include wage payments shown on your checks as "benefits" when computing your rate of overtime pay. Second, the lawsuit alleges, for the time period on or before July of 2017, that Century Fence violated the FLSA by failing to pay you any overtime pay on your hours worked that were within the first 8 hours you worked on the day, but after you had worked 40 hours for the week. The lawsuit alleges that before July of 2017 Century Fence cannot use daily overtime pay it paid to you to offset weekly overtime pay that it did not pay to you because it would re-sequence your workdays, so that the daily overtime pay for your hours worked was paid because those hours were the lowest paid hours you worked during the day, rather than because those hours were worked after you had already worked 8 hours on the day. Third, the lawsuit alleges Century Fence must compute your overtime pay using your average straight time wage rate earned during the workweek, rather than the pay rate for the type of work that you performed during overtime hours, so that for example you were entitled to a higher rate for shop and driving time overtime that you worked.

Fourth, if you worked as a foreman for Century Fence, the lawsuit makes the additional claim that the bonuses Century Fence paid you increased your average straight time wage rate during the time period covered by the bonus, that the increases to your average straight time wage rate entitled you to additional overtime pay, and that Century Fence should have but failed to pay you this additional overtime pay.

Century Fence denies violating the FLSA and contends that all employees were properly paid overtime as required by law. Whether the Plaintiffs or Century Fence is right on the law is a determination that must still be made by the Court.

**WHO IS SENDING THE NOTICE**

This Notice is authorized by the United States District Court for the Western District of Wisconsin. We are the lawyers representing Plaintiffs and other potential class members who timely consent to join this lawsuit. We are from The Previant Law Firm, S.C. We prepared and sent this Notice to you. Although the judge in this case allowed us to send you this Notice, the judge has expressed no opinion about Plaintiffs' claims, Century Fence's defenses, or whether the Plaintiffs or any other similarly situated employees are entitled to recover any monies in this action.

**YOUR RIGHT TO PARTICIPATE IN THIS SUIT**

If you believe you lost overtime pay as a result of one or more of the overtime payment practices described in the Description of the Lawsuit section above, and wish to assert a claim against Century Fence for the overtime pay that you believe you lost, you must sign, date, and mail the attached Consent Form to the address listed below, which is also printed on the enclosed envelope. It is entirely your own decision whether to participate in this lawsuit.

**RETALIATION PROHIBITED**

The law prohibits anyone, including your employer, from discriminating or retaliating against you for taking part in this case or because you have exercised your rights under the Fair Labor Standards Act.

**HOW AND WHEN TO JOIN THE SUIT**

Enclosed you will find a Consent Form. If you choose to join this lawsuit, it is extremely important that you read, sign, and return the Consent Form before _____. (Proposal is for 60 days from date of mailing) The Consent Form is pre-addressed and postage-paid for your convenience.

If your signed Consent Form is not mailed by _____, and you do not have a justification for your late mailing that is accepted by the Court, you will not participate in the FLSA claims advanced by this lawsuit.

It also is important that you return the Consent Form as early as possible because the time period that you can sue Century Fence for unpaid wages under the FLSA is determined based on the date that your signed consent form is filed with the Court.

If you have any questions about filling out or sending in the Consent Form, or should the enclosed form become lost or misplaced, you may contact Plaintiffs' lawyers listed on the bottom of this Notice.

**EFFECT OF JOINING THIS LAWSUIT**

You will be eligible for any recovery achieved by the Plaintiffs, if any. You will also be bound by the judgment of the Court if it is unfavorable. By joining this lawsuit, you designate Michael Reilly, William Coulman, and Jason Ramsdell as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation and to look out for the best interests of the class. The decisions and agreements made and entered into by the Plaintiffs will be binding on you if you join this lawsuit, unless you choose to withdraw your consent. The representative Plaintiffs in this lawsuit have entered into a contingency fee agreement with Plaintiffs' lawyers, which means

that if there is no recovery, there will be no attorney's fees or costs chargeable to you from Plaintiffs' lawyers. If there is a recovery, Plaintiff's lawyers will be paid attorney's fees in an amount that is subject to the discretion of the court. You should contact the lawyers listed on the bottom of this Notice if you have any questions about the effects of joining this lawsuit.

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement of the Fair Labor Standards Act claims in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit.

**RIGHT TO CONSULT WITH US**

If you want to talk with us about this lawsuit, please feel free to call, write, or email us during your non-work time to the below address, email address, and telephone number:

Atty. Yingtao Ho
THE PREVIANT LAW FIRM, S.C.
310 W. Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
Tel: **414-271-4500**
Fax: 414-271-6308
E-Mail: yh@previant.com

TO: ALL HOME ENTERTAINMENT SPECIALISTS AND/OR FIELD SERVICE TECHNICIANS EMPLOYED BY WECONNECT AND/OR AEI AT ANY TIME SINCE DECEMBER 6, 2015.

You are receiving this Notice because you are a current or former Home Entertainment Specialist and/or Field Service Technician ("HES") employed by WeConnect, Inc. or Alternative Entertainment, Inc. ("WeConnect") at some time since December 6, 2015.

## PURPOSE OF NOTICE

This Notice is to inform you about a lawsuit in which you are potentially eligible to participate, how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit, and how to join in this lawsuit, should you choose to do so. Please note that this Notice is only for the purpose of determining the identity of those persons who wish to be involved in this action. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court.

## DESCRIPTION OF THE LAWSUIT

A lawsuit has been brought by Brooks Goplin ("Goplin") against WeConnect in the United States District Court for the Western District of Wisconsin (Case No. 17-CV-773). The lawsuit alleges that WeConnect violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages to HES employees by not paying them for work performed before arriving at the first customer site or after leaving the last customer site of the workday. WeConnect denies Plaintiff's allegations that it violated the FLSA and contends that it properly compensated HES employees for all hours worked.

## WHO IS SENDING THE NOTICE

This Notice is authorized by the United States District Court for the Western District of Wisconsin. We are the lawyers representing the Plaintiff and other potential class members who timely consent to join this lawsuit. We are from the law firm of Hawks Quindel, S.C. We prepared and sent this Notice to you. Although the judge in this case allowed us to send you this Notice, the judge has expressed no opinion about Plaintiff's claims, Defendant's defenses, or whether the Plaintiff or any other similarly-situated employees are entitled to recover any monies in this action.

## YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you believe that WeConnect has failed to properly compensate you for overtime wage pay, you have the right to participate in this lawsuit. To do this, you must sign, date, and mail the attached Consent Form to the address listed below, which is also printed on the enclosed envelope. It is entirely your own decision whether to participate in this lawsuit. You are not required to take any action unless you so desire, and you are not required to pay any money to participate. Regardless of the foregoing, if you have signed an arbitration agreement and WeConnect asks the Court to send your claim to arbitration, your continued participation may further depend on whether the Court determines that your claim must be heard in arbitration.

## RETALIATION PROHIBITED

The law prohibits anyone, including your employer, from discriminating or retaliating against you for taking part in this case or because you have exercised your rights under the FLSA.

## HOW AND WHEN TO JOIN THE SUIT

Enclosed you will find a Consent Form. If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, it is **extremely important** that you read, sign, and return the Consent Form before [60 DAYS FROM NOTICE MAILING]. The Consent Form is pre-addressed and postage-paid for your convenience. Should the enclosed form become lost or misplaced, please contact Plaintiff's lawyers listed at the bottom of this Notice.

The signed Consent Form must be postmarked by [60 DAYS FROM NOTICE MAILING]. **If your signed Consent Form is not postmarked by [60 DAYS FROM NOTICE MAILING], you will not participate in any recovery obtained under the FLSA against WeConnect in this lawsuit.**

If you have any questions about filling out or sending in the Consent Form, you may contact Plaintiff's lawyers below.

## STATUTE OF LIMITATIONS

The FLSA has a statute of limitations of two years and in some cases is extended to three years if the employer is found to have engaged in a willful violation of the FLSA. If you choose to join this action, you may be able to recover damages if you were improperly denied compensation within two or three years of the date you file your "Plaintiff Consent Form." If you choose not to join this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## EFFECT OF JOINING THIS LAWSUIT

If you choose to join this action, you will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. If you do not join this action, you are free to take action on your own. Your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiff are "similarly situated" in accordance with applicable laws and that it is appropriate for this case to proceed as a collective action. While this lawsuit is pending, individuals who join the lawsuit may be required to provide information or documents, appear for a deposition, testify at trial, or otherwise participate in this action. By joining this lawsuit, you designate the Plaintiff as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and to look out for the best interests of the class. The decisions and agreements made and entered into by the Plaintiff will be binding on you if you join this lawsuit, unless you choose to withdraw your consent. The representative Plaintiff in this lawsuit has entered into a contingency fee agreement with Plaintiff's lawyers, which means that if there is no recovery, there will be no attorney's fees or costs chargeable to you from Plaintiff's lawyers. If there is a recovery, Plaintiff's lawyers will be paid attorney's fees in an amount that is subject to the discretion of the Court. The risks in joining this lawsuit may include: (1) being required to participate in the litigation by testifying at deposition and/or at trial; and (2) having a portion of the Defendant's court costs and expenses assessed against you if you do not prevail on your claim.

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement of the FLSA claims in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, if you wish to do so.

## RIGHT TO CONSULT WITH US

If you want to talk with us about this lawsuit, please feel free to call, write or e-mail us from your personal (not work) e-mail account during non-working time:

        **Atty. David C. Zoeller**
        **HAWKS QUINDEL, S.C.**
        **409 E. Main St.**
        **Madison, WI 53703**
        **Tel: (608) 257-0040**
        **Fax: (608) 256-0236**
        **Email: dzoeller@hq-law.com**

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, HONORABLE JAMES PETERSON, DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANT'S DEFENSES. PLEASE DO NOT CONTACT THE COURT FOR ANY REASON.

## PLAINTIFF CONSENT FORM

I hereby consent to make a claim against WeConnect for unpaid overtime wages. During the past three years, I believe there may have been weeks where I worked over 40 hours for WeConnect and did not receive overtime pay of 1.5 times my regular rate of pay.

_____
Signature and Date

_____
Print Name

_____
Address

_____
City, State, Zip Code

_____
Home Telephone

_____
Mobile Telephone

_____
E-Mail Address

_____
Emergency Contact (and phone number)

**PLEASE SIGN AND RETURN TO:**
**HAWKS QUINDEL, S.C.**
**409 EAST MAIN STREET**
**MADISON, WISCONSIN 53703**
**OR E-MAIL/FAX TO:**
**DZOELLER@HQ-LAW.COM**
**FAX: (608) 256-0236**

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, HONORABLE JAMES PETERSON, DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANT'S DEFENSES. PLEASE DO NOT CONTACT THE COURT FOR ANY REASON.