## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE AGEO LUNA VANEGAS, <br> On behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SIGNET BUILDERS, INC. <br><br> Defendant. | ) <br> ) <br> )    CASE NO.: 3:21-cv-00054-jdp <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S COMBINED PETITION TO CERTIFY INTERLOCUTORY APPEAL, MOTION TO AMEND COURT ORDER, AND MOTION TO STAY PROCEEDINGS

Defendant Signet Builders, Inc. ("Defendant" or "Signet") hereby submits this Combined Petition for Certification of Interlocutory Appeal, Motion to Amend Court Order, and Motion to Stay Proceedings Pending Appeal. Pursuant to 28 U.S.C. § 1292(b), Defendant respectfully requests that this Court amend its August 2, 2023 Order (Dkt. 107) (the "Order") to certify the issues for interlocutory appeal.

### I.   INTRODUCTION

Although this Court—as stated in the Order—declined to rule on whether their claims must independently satisfy constitutional personal jurisdiction standards, the consequence of deferring this decision is that hundreds of former and current Signet employees will receive notices with instructions on how to opt in and join this litigation. If the Court then decides that it lacks specific personal jurisdiction over claims by plaintiffs who worked outside of Wisconsin, more than 90% of these notices will have been sent to individuals who are legally ineligible to participate in the collective action.

1

Even in cases without this vast disparity, courts regularly certify conditional certification orders for interlocutory appeal. Indeed, the Supreme Court had no trouble acknowledging that a district court's order sending notice to putative collective action members meets the statutory criteria for interlocutory appeal. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) (acknowledging that an order that "authorized respondents to send to all employees who had not yet joined the suit a notice and a consent document, with a text and form approved by the court" appropriately "met the requirements for immediate appeal" under 28 U.S.C. § 1292(b)).

The parties and the Court would particularly benefit from an immediate appeal in this case because the Order involves the critical question of whether Bristol-Myers Squibb, 582 U.S. 255 (2017) applies to nationwide collective actions under the FLSA. This novel issue continues to percolate through the federal courts and has not yet been decided by the Seventh Circuit Court of Appeals.

On the predicate question of whether notice may be sent to out-of-state putative opt-in plaintiffs *before* adjudicating personal jurisdiction, this Court's Order represents a sharp departure from the orders of other district courts within the Seventh Circuit and across the country. In fact, since the Sixth Circuit's Canaday decision, it appears that this Court's procedural order of operations has not been followed by any other district court. These issues are ripe for appellate review, and Defendant respectfully asks the Court to amend its Order to allow such review.

## II.  THE DISPUTED LEGAL ISSUES SATISFY THE § 1292(B) CRITERIA

When a district court "shall be of the opinion" that its interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation," the court should permit appeal of that order. 28 U.S.C. § 1292(b). To do so, "the district court may amend its order" to include a statement "granting permission" for the interlocutory appeal. Fed. R. App. P. 5(a)(3). Although frivolous petitions for interlocutory appeals should not be granted, "[i]t is equally important . . . to emphasize the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met." Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 677 (7th Cir. 2000). Here, this Court's Order satisfies each of the statutory criteria.

First, the Order involves a controlling question of law because it involves conditional certification of a nationwide collective action and issuance of notices to out-of-state employees. Adjudication of this purely legal issue does not require any factual development, and, in any event, the relevant underlying facts are not disputed.

Second, there is substantial ground for difference of opinion on whether a conditionally certified collective action may include out-of-state claims when the court may not have personal jurisdiction over those claims. Many courts within the Seventh Circuit have refused to issue opt-in notices to potential out-of-state plaintiffs without first addressing the threshold personal jurisdiction inquiry. The Courts of Appeal remain split[1] on the ultimate issue of whether the principles of Bristol-Myers Squibb apply to FLSA collective actions, and the Seventh Circuit has not yet decided the question.

---

[1] As Signet previously noted, three of the four circuit courts of appeal that have addressed this issue have held that conditional certifications of FLSA collective actions may only include "opt-in plaintiffs whose claims against the defendant arise from defendant's minimum contacts with the forum state." Dkt. 96, p. 3. As one district court observed, this is the "majority view among both circuit and district courts." Wilkerson v. Walgreens Specialty Pharmacy LLC, 2022 WL 15520004, *4 (D. Ariz. Oct. 27, 2022).

Finally, an immediate appeal of the Order would materially advance termination of the litigation because allowing out-of-state employees to acquire party plaintiff status through opt-in notices would dramatically expand the scope of discovery and the potential damages recoverable from Defendants. As courts have consistently recognized, the realities of modern collective action litigation make the certification decision de facto dispositive. When a lawsuit transforms from a single plaintiff to a class or collective action, even a defendant with meritorious defenses may face "intense pressure to settle." Matter of Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1298 (7th Cir. 1995). And "[i]f they settle, the class certification—the ruling that will have forced them to settle—will never be reviewed." Id.

In any event, appellate guidance on these uniquely unresolved personal jurisdiction issues would allow the parties and this Court to proceed to the merits under a clean procedural posture and with clear expectations regarding the appropriate scope of discovery.

### A. The Order involves a controlling question of law.

Consistent with Section 1292(b), the Seventh Circuit accepts interlocutory appeals when "the certified question is a purely legal one." Boone v. Illinois Dep't of Corr., 71 F.4th 622, 625 (7th Cir. 2023). Purely legal questions involve "the interpretation, and not merely the application, of a legal standard." Id. (quoting In re Text Messaging Antitrust Litig., 630 F.3d 622, 625 (7th Cir. 2010)). When the relevant issues include "something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Ahrenholz, 219 F.3d at 677.

Here, Signet seeks to appeal three interconnected issues: 1) the appropriate procedures and timing related to a personal jurisdiction challenge at the conditional certification stage of an FLSA action; 2) whether a court may order notice sent to potential plaintiffs who may be legally ineligible

to opt-in to the action; and 3) the scope of personal jurisdiction under Rule 4 and the Constitution's Due Process Clause in the context of nationwide FLSA collective actions. As evidenced from this Court's discussion of these issues, (Dkt. 107, pp.16-18), the analysis depends on the interpretation of relevant legal authority, not on citations to the record or resolution of disputed facts. See Ahrenholz, 219 F.3d at 676 (recognizing that interlocutory appeal is appropriate for questions involving "the meaning of a statutory or constitutional provision, regulation, or common law doctrine.").

Indeed, "[t]he majority of district courts" assess the application of Bristol Myers Squibb to FLSA collective actions "either at the motion to dismiss stage or on a motion for conditional certification." Iannotti v. Wood Grp. Mustang, No. 20-CV-958-DWD, 2021 WL 2805812, at *4 (S.D. Ill. July 6, 2021). Motions to dismiss require the court to accept the plaintiff's version of facts. Similarly, here, this Court granted Plaintiff's Motion for Conditional Certification largely based on the pleadings. See Dkt. 107, p. 15 ("Signet's responses to Luna Vanegas's complaint and interrogatories . . . . That is enough to make the minimal showing required at step one."). Resolution of these pre-discovery motions does not require extensive factual development. Compare Equal Emp. Opportunity Comm'n v. Wal-Mart Stores, Inc., No. 17-CV-739-JDP, 2019 WL 1199396, at *2 (W.D. Wis. Mar. 14, 2019) (denying motion for interlocutory appeal of a summary judgment order because "the factual record of this case is not yet fully developed so it does not make much sense to take an appeal of the legal point now"). Accordingly, the Order involves pure questions of law that are ripe for appellate review.

Questions of law are "controlling" when they are "quite likely to affect the future course of the litigation." Boone, 71 F.4th at 625. Here, a conditionally certified collective action inclusive of out-of-state plaintiffs would materially expand the scope of discovery, potential damages, and

the costs of litigation. Indeed, "the Seventh Circuit has observed that a plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer.'" Adair v. Wisconsin Bell, Inc., No. 08-C-280, 2008 WL 4224360, at *4 (E.D. Wis. Sept. 11, 2008) (quoting Woods v. New York Life Ins. Co., 686 F.2d 578, 581 (7th Cir. 1982)). The impact of this Court's Order cannot be understated: the inclusion of out-of-state plaintiffs increases the size of the conditionally certified collective from fewer than 30 to up to 600 potential opt-in plaintiffs. See Dkt. 96-1, Declaration of Natalie Farmer (noting that, in the last two years, Signet employed 23 H-2A workers in Wisconsin).

The Court's Order also allows Plaintiff to amend his Complaint and add new parties to encompass out-of-state employees who worked for related Signet companies. Plaintiff also adds entirely new state law causes of action, which he may seek to assert as part of a Rule 23 class action. This Court has not yet resolved how those causes of actions would be handled with respect to opt-in plaintiffs from other states. See Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 974 (7th Cir. 2011) (discussing the complexities related to plaintiffs asserting a Rule 23 state-law class action in a proceeding that also includes a collective action brought under the FLSA).[2]

Among other things, including out-of-state plaintiffs will certainly impact the numerosity prerequisite to Rule 23 class actions; a potential class of 20-30 plaintiffs may not satisfy the threshold. See Zettler v. Thurs Trucking, Inc., 18-cv-654-jdp, at *3 (W.D. Wis. Apr. 30, 2019)

---

[2] Although decided prior to the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255 (2017), the Ervin decision by the Seventh Circuit also addressed the issue of whether an FLSA action allows a district court to assert supplemental jurisdiction over state law claims. In doing so, the court appropriately recognized that jurisdictional questions should be decided at the motion for conditional certification stage. The Ervin decision was an appeal from the district court's order on plaintiffs' motions for both class certification (under Rule 23) and conditional certification (under the FLSA). See Ervin v. OS Rest. Servs., Inc., No. 08 C 1091, 2009 WL 1904544 (N.D. Ill. July 1, 2009), rev'd, 632 F.3d 971 (7th Cir. 2011).

(denying motion for conditional FLSA certification upon ruling that a class of 18 eligible opt-in plaintiffs was "far fewer than necessary to satisfy the numerosity requirement"). By ordering briefing on Rule 23 class certification without deciding the threshold personal jurisdiction issue, this Court would need to issue orders that could be largely moot at the decertification stage. The parties would engage in potentially futile motion practice and discovery over the claims of hundreds of plaintiffs that could ultimately be dismissed.

Distributing notice to employees outside of Wisconsin will affect not only this litigation but could also stir up litigation in other states. The Court's Order recognizes that "if the collective is decertified at step two, the disposition of any claims brought by plaintiffs who were not harmed in Wisconsin would be straightforward: those claims would be dismissed without prejudice to refiling them as individual suits in the proper forum." Dkt. 107, p. 18. Although the disposition of such claims in this case may be straightforward, the likelihood of "individual suits in the proper forum" would increase exponentially after Plaintiff's attorneys have the opportunity to use the Court-approved notice process to solicit those claims. Even if this Court ultimately dismisses those claims, Plaintiff's counsel would know the identities and contact information of hundreds of potential plaintiffs across multiple states, and those plaintiffs would have already been advised regarding their potential claims against Signet. The Supreme Court has expressly cautioned against this scenario:

> Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989).

Because sending notice to out-of-state employees will greatly affect the outcome of this current litigation and potentially result in other actions against Signet, and because these issues present straightforward legal questions, granting interlocutory review is appropriate.

### B. The Order involves a question of law as to which there is substantial ground for difference of opinion.

As discussed in the Order, the circuits remain split on the applicability of Bristol-Myers Squibb's personal jurisdiction holding in the FLSA collective action context. Although the Court "decline[d] to resolve the issue," the Order nonetheless granted conditional certification of a collective action that includes opt-in plaintiffs who may not ultimately have cognizable claims against Signet in this case. Substantial ground for difference of opinion exists regarding whether an FLSA collective may be conditionally certified to include such plaintiffs.

When courts "reject challenges to conditional certification based on the court's jurisdiction over the claims of potential plaintiffs as premature," (Dkt. 107, p. 18), they do so by limiting the conditionally certified collective action to include only in-state potential plaintiffs. The cases cited in the Order reflect this reality:

- In Parker v. IAS Logistics DFW, LLC, an out-of-state plaintiff had filed an opt-in notice prior to conditional certification. No. 20 C 5103, 2021 WL 170788 (N.D. Ill. Jan. 19, 2021). The defendant responded with an immediate motion to dismiss. In light of this procedural posture, and because the case was still in its earliest stage, the court "conclude[d] that the personal-jurisdiction analysis should take place after a ruling on the motion for conditional certification." Id. at *4. In other words, unlike here, the motion for conditional certification had not yet been ruled upon. Notably, at the time of this order by the Parker court, in January 2021, no Circuit Court had decided the issue. A few months later, with the benefit of more persuasive authority, the same court

8

**stayed the issuance of notice** (Case No. 20 C 5103, Dkt. 62, Minute Entry) while allowing the parties to brief the issue. The Court ultimately held that "personal jurisdiction over the defendant must exist as to each opt-in." Parker v. IAS Logistics DFW, LLC, No. 20 C 5103, 2021 WL 4125106, at *3 (N.D. Ill. Sept. 9, 2021).

- In Iannotti v. Wood Grp. Mustang, the defendant brought a motion to dismiss after the named plaintiff filed the complaint and before any notices were sent; the court "declined to consider this issue prior to conditional certification." No. 20-CV-958-DWD, 2021 WL 2805812, at *4 (S.D. Ill. July 6, 2021). When the court ultimately granted plaintiff's motion for conditional certification, it explained how it "**will provisionally limit notice to Illinois employees**, while reserving ruling on the issue of personal jurisdiction for potential out-of-state opt-in plaintiffs." Iannotti v. Wood Grp. Mustang, 603 F. Supp. 3d 649, 652 (S.D. Ill. 2022) (emphasis added).

These crucial distinctions represent a substantial difference in opinion between the ruling of this Court and its sister courts.[3] But this Court's Order also differs from the Seventh Circuit's opinion in Bigger v. Facebook, Inc., 947 F.3d 1043 (7th Cir. 2020). There, on interlocutory appeal from an FLSA conditional certification order, the court held "that a court may not authorize notice to individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action." Id. at 1050. Because they are legally ineligible to opt-in to the action, "sending notice to those individuals may at least appear to predominantly inflate settlement pressure instead of inform employees of an action in which they can resolve common issues." Id.

---

[3] The third case cited in the Order for this contention, Warren v. MBI Energy Servs., Inc., 2020 WL 5640617, at *2 (D. Colo. 2020), was decided three years ago—when the need for specific personal jurisdiction over claims of FLSA opt-in plaintiffs was the subject of theoretical law review articles, not Court of Appeals decisions.

9

The court went on to explain how sending notice to individuals over whose claims there would be no jurisdiction (there, because of arbitration agreements; here, because of personal jurisdiction) "will appear to facilitate abuse of the collective-action device and thus place a judicial thumb on the plaintiff's side of the case." Id. See also Booth v. Appstack, Inc., No. C13-1533JLR, at *31 (W.D. Wash. Mar. 29, 2015) ("As such, courts consistently decline to certify class definitions that encompass members who are not entitled to bring suit under the applicable substantive law.").

In Circuits where the Bristol-Myers Squibb issue has been resolved and has been held to apply to FLSA collective actions, courts never authorize notice to individuals over whose claims they could not assert personal jurisdiction. As one court explained: "[employees] who worked for Amtel outside of Ohio are situated differently than Ohio-based [employees] for a simple reason: this court lacks the specific jurisdiction over the claims of [employees] who did not work for Amtel in Ohio." Hafley v. Amtel, LLC, 1:21-cv-203, at *12 (S.D. Ohio Mar. 18, 2022). This reasoning cannot be reconciled with this Court's holding that "Luna Vanegas has met his initial burden to show that the other members of the proposed collective are similarly situated" while simultaneously declining to rule on personal jurisdiction; Luna Vanegas cannot be similarly situated with H-2A workers who worked for Signet outside of Wisconsin if the Court does not have jurisdiction over those non-Wisconsin workers' claims.

Similarly, district courts in other Circuits have recognized that this issue is inextricably part of its threshold duty to determine the scope of any conditionally certified collective. As one district court put it, "in order for the Court to determine to whom the plaintiff can appropriately send notice, it must **necessarily decide** whether notifying out-of-state plaintiffs would be appropriate." Roberts v. Sidwell Air Freight Inc., C21-5912 BHS, at *9 (W.D. Wash. Nov. 15, 2022) (emphasis added) (expressly deciding the personal jurisdiction question at the conditional

10

certification stage). It appears that the only cases—other than this one—where the collective action was conditionally certified to include out-of-state claims without deciding Bristol-Myers Squibb personal jurisdiction issue first were decided before issuance of any of the relevant Circuit Court decisions on the issue, or before Bristol-Myers Squibb itself. Once courts realized that the issue was contestable, they either resolved it at the time of conditional certification, or they reserved the issue by limiting the conditional certification to a collective of in-state individuals.

### C. Appellate review of these issues promises to speed up the litigation.

The Seventh Circuit recently reaffirmed that resolving a question of law on interlocutory review "promises to speed up the litigation" when an appellate decision "would narrow the issues moving forward." Boone, 71 F.4th at 625. The court explained that defendants appropriately sought interlocutory review under Section 1292(b) because "they do not want to spend the time and money necessary to defend a law that, in their view, caused no harm to the plaintiffs." Id. at 626. Similarly, here, Signet does not want to expend attorneys' fees and this Court's resources to defend against potential opt-in claims that cannot be remedied in this forum. Because the Court's Order involves at least one controlling issue, appellate review could "head off protracted, costly litigation." Ahrenholz, 219 F.3d at 677 (citing United Airlines, Inc. v. Mesa Airlines, Inc., 219 F.3d 605 (7th Cir. 2000)).

Consistent with these principles, the Third, Sixth, and First Circuits all decided the Bristol-Myers Squibb personal jurisdiction issue on interlocutory appeal from the district court. Fischer v. Fed. Express Corp., 42 F.4th 366, 370 (3d Cir. 2022) ("We granted Appellants' petition for interlocutory appeal to resolve whether, in an FLSA collective action in federal court where the court lacks general personal jurisdiction over the defendant, all opt-in plaintiffs must establish specific personal jurisdiction over the defendant with respect to their individual claims."); Canaday

11

v. The Anthem Cos., 9 F.4th 392, 395 (6th Cir. 2021) ("Canaday sought to certify this order for interlocutory appeal. See 28 U.S.C. § 1292(b). The district court granted Canaday her request, and so did we."); Waters v. Day & Zimmermann NPS, Inc., 23 F.4th 84, 86–87 (1st Cir. 2021) ("On this interlocutory appeal, we now affirm the district court's denial of D&Z's motion").

The size and scope of the conditionally certified collective action will directly affect how discovery proceeds in this case. Consequently, "this issue should be resolved earlier rather than later." Loch v. Am. Family Mut. Ins. Co., 22-cv-213-jdp, at *6 n.4 (W.D. Wis. Mar. 3, 2023). The promise that appellate review will expedite litigation is not hypothetical—based on the outcome of the appeal, the parties will either exchange discovery on Signet's 23 Wisconsin H-2A workers or on Signet's 500+ H-2A workers nationwide.

Waiting until decertification or a final judgment to resolve the issue will effectively result in denying Signet's right to appellate review altogether—by that time, Signet will have already been forced to expend tremendous resources and fees on discovery and motions practice. Moreover, sending notice to a nationwide collective under these circumstances "may become indistinguishable from the solicitation of claims." Bigger, 947 F.3d at 1049. Indeed, the Seventh Circuit has recognized that "expanding the litigation with additional plaintiffs increases pressure to settle, no matter the action's merits." Id. Said differently, the bell cannot be un-rung at that late point. Signet should not be forced to face this pressure for months while controlling issues of law remain uncertain.

## III. THE COURT SHOULD AMEND ITS AUGUST 2 ORDER

"[T]he statute provides that when a district court enters 'an order not otherwise appealable' and concludes that it meets the statutory standards for interlocutory appeal, it 'shall so state in writing in such order.'" Groves v. United States, 941 F.3d 315, 324 (7th Cir. 2019) (quoting

28 U.S.C. § 1292(b)). Consistent with Federal Rule of Appellate Procedure 5(a)(3), this statement may "be added by amendment" to the original order. Id. The district court may amend an order to add a Section 1292(b) certification at any time. Buckley v. Fitzsimmons, 919 F.2d 1230, 1239 (7th Cir. 1990), vacated on other grounds, 502 U.S. 801 (1991).

In light of the above authorities, if this Court agrees that the statutory criteria have been met, it "shall so state" by an amendment to its August 2 Order.[4]

## IV. A STAY OF PROCEEDINGS IS APPROPRIATE AND NECESSARY

"A right to interlocutory appeal of the arbitrability issue without an automatic stay of the district court proceedings is therefore like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible." Coinbase, Inc. v. Bielski, 143 S. Ct. 1915, 1921 (2023). Like the arbitrability issue in Bielski, the personal jurisdiction issue here is dispositive on whether this Court is the proper forum for non-Wisconsin individuals to assert any claims they may wish to assert. Indeed, as the Supreme Court explained two months ago, this rule applies to any interlocutory appeal unless Congress has said otherwise:

> When Congress wants to authorize an interlocutory appeal and to automatically stay the district court proceedings during that appeal, Congress need not say anything about a stay. At least absent contrary indications, the background *Griggs* principle already requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal.

Id.

---

[4] Alternatively, the Court could construe this Motion as a Motion for Reconsideration, and Signet would welcome an amended order that readdresses and appropriately resolves these issues in the first instance, without the need for interlocutory appellate review. Even if the Court continues to agree that Plaintiff has met the standard for conditional certification, the Order could be amended to limit the collective to qualifying individuals who worked for Signed in Wisconsin, while still reserving the issue of personal jurisdiction. The Court could also opine on the merits of the personal jurisdiction question before certifying the Order for interlocutory review.

Moreover, here, certifying an interlocutory appeal would have little practical effect without a corresponding stay. See, e.g., Waters, 23 F.4th at 88 ("The district court has stayed the proceedings below pending our resolution of D&Z's interlocutory appeal [on the Bristol-Myers Squibb FLSA personal jurisdiction issue]").

Many, if not all, of the "danger[s]" that the Seventh Circuit warned about in Bigger can only be avoided through a stay of the proceedings. Most importantly, if the Seventh Circuit holds that "certain individuals may not join the action" because their claims cannot be used to assert specific personal jurisdiction over Signet in a Wisconsin court, then "the notice may serve only to prompt futile attempts at joinder or the assertion of claims outside the collective proceeding." Bigger, 947 F.3d at 1049. At minimum, the Court should stay any discovery related to out-of-state workers, Signet's obligation to provide to Plaintiffs the contact information for out-of-state workers, and the issuance of notice to such individuals.

## V.    CONCLUSION

For the foregoing reasons, the Court should certify an interlocutory appeal from the August 2 Order granting Plaintiff's Motion for Conditional Certification. Defendant respectfully requests that the Court effectuate the appeal by amending the Order to add the necessary findings and by staying the district court proceedings pending the Seventh's Circuit's disposition of the appeal.

Respectfully submitted this 10th day of August, 2023.

>    */s/Joshua H. Viau*
> Ann Margaret Pointer
> *Admitted Pro Hac Vice*
> GA Bar No. 592780
> Edward N. Boehm, Jr.,
> *Admitted Pro Hac Vice*
> GA Bar No. 183411
> Joshua H. Viau
> *Admitted Pro Hac Vice*

GA Bar No. 378557  
apointer@fisherphillips.com  
tboehm@fisherphillips.com  
jviau@fisherphillips.com  

FISHER & PHILLIPS LLP  
1230 Peachtree Street NE, Suite 3300  
Atlanta, GA 30309  
Tel: 404-231-1400  
Fax: 404-240-4249  

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of the foregoing to counsel of record as follows:

>Jennifer J. Zimmermann
>Erica Sweitzer-Beckman
>Legal Action of Wisconsin
>744 Williamson Street
>Suite #200
>Madison, WI 53703
>
>Lorraine A. Gaynor
>Iowa Legal Aid
>1700 S. 1st Ave., Suite 10
>Iowa City, IA 52240
>
>Edward Tuddenham
>42 Avenue Bosquet
>Paris, Ille de France
>75007

>*/s/Joshua H. Viau*
>Joshua H. Viau
>*Admitted Pro Hac Vice*
>GA Bar No. 378557
>jviau@fisherphillips.com