UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

JOSE AGEO LUNA VANEGAS,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

                                        Case No. 21-cv-54

SIGNET BUILDERS, INC.,

        Defendant.

_____

**PLAINTIFF'S BRIEF IN OPPOSITION
TO MOTION TO CERTIFY INTERLOCUTORY APPEAL
AND FOR A STAY**

_____


Plaintiffs oppose Defendants' motion to certify the Court's Order of August 2, 2023 for interlocutory appeal.  Interlocutory appeals are "frowned on in the federal judicial system," *Sterk v. Redbox Automated Retail, LLC,* 672 F.3d 535, 536 (7th Cir. 2012), and are allowed only "sparingly, lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.,* 505 F.3d 736, 741 (7th Cir. 2007). The right to file an interlocutory appeal pursuant to §1292(b) is limited to "exceptional cases" in which an appellate decision "may obviate the need for protracted and expensive litigation . . . " *Fed Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.,* 604 F.Supp. 616, 620 (E.D. Wis. 1985).  As explained below,

Defendants have failed to carry their burden of showing that the August 2 Order satisfies any of the criteria necessary for certification.   The motion should be denied.

A district court may certify an order for interlocutory appeal only if the four criteria set forth in §1292(b) are satisfied. The petition must present (1) a question of law; (2) that is controlling; (3) that presents a substantial ground for difference of opinion; and (4) the resolution of which will speed up the litigation.  28 U.S.C. 1292(b); *Ahrenholz v. Bd. of Trustees of Univ. of Illinois,* 219 F3d 674, 675 (7th Cir. 2000).   Defendants have the burden of showing that all four criteria are met, *Yost v. Carroll,* 20 C 5393, 2022 WL 180153 at *4 (N.D. Ill. Jan 4, 2022), and if they fail to do so, "the district court may not and should not certify its order for an immediate appeal under § 1292(b)." *Ahrenholz,* 219 F.3d. at 676.

**(1).  The Issues Actually Presented Are Not Questions of Law**

"[T]he term 'question of law' in section 1292(b) refers to a question of the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Id.* at 676.  "A pure question of law [is] something the court of appeals could decide quickly and cleanly without having to study the record."  *In re Text Messaging Antitrust Litig.,* 630 F.3d 622, 625-626 (7th Cir. 2000).  "A legal question of the type referred to in §1292(b) contrasts with a matter for the discretion of the trial court. . . [A]n allegation of abuse [of discretion] does not create a legal issue" for interlocutory appeal. *Maier v. Grossman,* 12-C-707, 2012 WL 5430994 at *1 (E.D. Wis. Nov. 6, 2012) (*quoting White v. Nix,* 43 F.3d 374, 377 (8th Cir. 1994)).

Defendants seek to appeal three issues:

> (1) the appropriate procedures and timing related to a personal jurisdiction challenge at the conditional certification stage of an FLSA action; (2) whether a court may order notice sent to potential plaintiffs who may be legally ineligible to opt-in to the action; and (3) the scope of personal jurisdiction under Rule 4 and the Constitution's Due Process Clause in the context of nationwide FLSA collective actions.

ECF No. 110 at 4-5. The first two of these issues are not appealable questions of law, and the third issue is not an issue presented by the August 2 Order.

The first issue, regarding the timing and procedure used in addressing a motion for conditional certification, involves matters committed to the discretion of the district court and are thus generally considered unfit for interlocutory appeal. *See Weil v. Metal Techs., Inc.,* 925 F.3d 352, 357 (7th Cir. 2019) ("district courts have wide discretion in managing class and collective actions."); *Bitner v. Wyndham Vacation Resorts, Inc.,* No. 13-CV-451 WMC, 2017 WL 384388 at *1-2 (W.D. Wis. Jan 25, 2017) (questions regarding interpretation and application of Rule 23 to collective actions is not a §1292(b) question of law); *Espenscheid v. DirectSat USA, Inc.,* No. 09-cv-625-BBC, 2011 WL 13209301 at *2 (W.D. Wis. Mar 14, 2011) (questions regarding appropriate standard for conditional certification and scope of collective "are not pure questions of controlling law."); *Coan v. Nightingale Home Healthcare, Inc.,* No. 1:05cv101, 2006 WL 1994772 at *3 (S.D. Ind. July 14, 2006) ("decisions about the scope of collective actions under the FLSA . . . are committed to the sound discretion of the district court . . . . Such decisions are about as far from a "pure" question of law as one is likely to find.").  As this Court noted in its August 2 decision, ECF #107 at 18, it is equally well established that district courts have discretion to decide when to rule on questions of personal jurisdiction. That courts have such discretion is not only supported by the cases cited in the Court's August 2 Order, ECF #107 at 18, but by other recent cases as well.  *See Kessler v. Casey's Gen. Store, Inc.,* No. 22-CV-02971-SPM, 2023 WL 50000276 at *3 (S.D. Ill. Aug 4, 2023) ("it is premature to reach the question of personal jurisdiction before individuals have been given notice of the collective action"); *Zigler v. Edward D. Jones & Co, LP,* No. 22-C-4706, 2023 WL 3918966 at *3 (N.D. Ill. June 9, 2023) (same).  *See also Lochren v. Horne LLP,* No. 6:21cv1640, 2022 WL 140655121 at *3-4 (M.D.

3

Fla. May 3, 2022) (declining to rule on personal jurisdiction issue until later in the case); *Green v. Verita Telecommunications Corp.*, Case No. 1:20 CV 2872, 2021 WL 2227379, at *4-5 (N.D. Ohio June 2, 2021) (declining to rule on *Bristol Myers* issue at the conditional certification stage).

The second issue, whether notice can be sent to potentially ineligible workers, is precisely the kind of discretionary decision that the two-step process calls for. Pursuant to that procedure, conditional certification only decides that workers may potentially be similarly situated. It is not until after discovery is completed and a decertification motion is filed that a Court decides whether the potential opt-ins are similarly situated and, thus, legally eligible to proceed as a collective. Every FLSA action where a court has granted conditional certification involves sending notice "to potential plaintiffs who may be legally ineligible to opt-in to the action," as Defendants characterize their issue, if a later decertification motion is granted. ECF # 110 at 4-5. As noted above, conditional certification procedures are committed to the sound discretion of the district court and are not appropriate for interlocutory appeal.

The third issue states a question of law, but it is not presented by the Court's August 2 order for the simple reason that the Court did not decide the issue. Postponing a decision on the *Bristol Myers* issue does not make the merits of the *Bristol Myers* issue subject to interlocutory appeal. *United States v. Stanley,* 483 U.S. 669, 677 (1987) (appellate jurisdiction under §1292(b) "*is* confined to the particular order appealed from. Commentators and courts have consistently observed that 'the scope of the issues open to the court of appeals is closely limited to the order appealed from [and] [t]he court of appeals will not consider matters that were ruled upon in other orders.'"); *Adkinson v. Int'l. Harvester Co.,* 975 F.2d 208, 211 fn 4 (5th Cir. 1992) (refusing to consider on interlocutory appeal issues that the certified order did not decide); *EEOC v.*

4

*Preferred Management Corp.*, IP98-1697-C-B/S, 2002 WL 598350 (S.D. Ind. Apr. 5, 2002) ("we will not certify an order for interlocutory appeal on the basis of an issue which was not fully briefed and which we did not decide."); *Adams v. City of Kansas City, Mo.,* 19 cv 93, 2022 WL 138102 at *2 (W.D. Mo. Jan. 14, 2022) (refusing to certify interlocutory appeal of order that did not decide the allegedly controlling question).[1]

### (2). The Questions Are Not Controlling

A question of law is "controlling" for purposes of §1292(b) if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 646, 659 (7th Cir. 1996). "A controlling question of law is a threshold issue that seriously affects the way in which a court conducts a litigation, for example, impacting whether or not the plaintiff has a claim for relief under a statute." *Harrisonville Tel. Co. v. Ill Commerce Comm'n,* 472 F.Supp.2d 1071, 1080 (S.D. Ill. 2006). None of Defendants' questions are controlling in the § 1292(b) sense.

The timing of a decision on the personal jurisdiction issue (assuming after notice that the issue is, in fact, presented), is not a controlling issue. Regardless of whether the issue is decided at the conditional certification stage or at the decertification stage, the case will proceed to summary judgment and trial in exactly the same way. *See, e.g., Piazza v. New Albertsons, Inc.,* No. 20 CV 03187, 2021 WL 3645526 at *2-5 (N.D. Ill. Aug. 16, 2021) (rejecting interlocutory

---

[1] *Bigger v. Facebook,* 947 F.3d 1043 (7th Cir. 2020), is not to the contrary. There the district court decided to postpone consideration of the evidence of arbitration agreements until after the close of the opt-in period. The Court of Appeals addressed that narrow issue only and held that the decision to defer consideration of that evidence was improper. It did not render any opinion about the arbitration agreements themselves as the district court's order had not ruled upon them. The situation is the same here. Even if the August 2, 2023 Order were certified, the most that the limited jurisdiction conferred by § 1292(b) would allow the Court of Appeals to address is the timing of a *Bristol Myers* decision, not the merits of whether *Bristol Myers* applies to FLSA actions.

appeal of conditional certification issue because, *inter alia,* ability to move for decertification renders determinations at step one not controlling questions of law.); *Babbitt v. Target Corp.,* No. CV 20-490, 2023 WL 2540450 at *3 (D. Minn. Mar. 16, 2023) (same).

Defendants argue that the *Bristol Myers* issue (their third issue) is controlling because if that issue is decided before FLSA notice issues, it may save them the costs of discovery and avoid stirring up litigation among out-of-state workers who would otherwise never know about their overtime rights.  There are several flaws in that argument.  First, as noted above, the Court of Appeals could not decide that issue under the limited jurisdiction conferred by §1292(b). Second, the same situation occurs whenever a court conditionally certifies a collective before discovery is complete.  If discovery eventually shows that the opt-ins are not similarly situated, the parties will have expended effort on discovery involving non-collective members and litigation will have been "stirred up."  The uniform adoption of the two-step process in the Seventh Circuit demonstrates that courts in this jurisdiction have given greater weight to workers' interests in learning about their FLSA rights before limitations run than to employers' interests in avoiding the costs associated with conditionally certifying a collective that may, ultimately, be decertified.

*Bigger,* a case defendants rely upon heavily, is not to the contrary.  In that case, Facebook possessed evidence at the conditional certification stage that a substantial number of their employees had signed arbitration agreements that waived their right to proceed in *any* federal court.  The *Bigger* Court simply ruled that, where such evidence exists, maintaining the proper balance between the interests of workers and employers requires that the evidence be considered *at the time of conditional certification* so as to avoid issuing notice of a right to join the action to workers who had no such right.  But here, such evidence does not exist.  Unlike in *Bigger,*

Defendants have not produced any arbitration agreements showing that members of the defined collective may have waived their right to participate in this action.  Instead, all members of the conditionally certified collective have a legal right to proceed in federal court.  Whether they will be able to vindicate their rights in this forum will depend on whether decertification is granted and/or how the *Bristol Myers* issue is finally decided, either by this Court or, more likely, by the Court of Appeals or the Supreme Court.  In short, this case is no different from other collective actions where the potential for stirring up of litigation is just the normal cost imposed by the two-step process developed by the courts to implement the Congressional mandate that similarly situated workers be permitted to join in an action.

Defendants' argument that the *Bristol Myers* issue is "controlling" in the §1292(b) sense fails for a third reason.  All the out-of-state workers that Signet wishes to avoid notifying of their FLSA rights may receive notice anyway whether interlocutory appeal is granted or not.  As the Court noted, Plaintiffs' state law claims may present common issues appropriate for Rule 23 class certification.  ECF #107 at 11.  If such a motion is granted then all of Signet's hourly paid employees, both in-state and out-of-state, would be entitled to litigate in this forum because the Seventh Circuit has already held that *Bristol Myers* does not apply to class actions. *Mussat v. IQVIA, Inc.,* 953 F.3d 441, 446 (7th Cir. 2020). It makes no sense to label Defendants' issues "controlling" because they might save Defendants from the costs associated with notifying out-of-state workers if, long before such an appeal can be decided, all of those out-of-state workers may be notified anyway.  *U.S. v. Dish Network, LLC,* 2010 WL 376774 at * (C.D.Ill. Feb. 4, 2010) (citing *White,* 43 F.3d at 378-379). (Interlocutory appeal is not appropriate when the litigation will proceed in the same manner regardless of the resolution of the issue proposed for appeal).

7

### (3). Defendants have not Shown that Substantial Grounds for Difference of Opinion Exist with Respect to the Issues Presented

"A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *United States v. Moglia,* No. 02-C-6131, 2004 WL 1254128 (N.D. Ill. June 7, 2004). The actual question presented by the August 2 Order—i.e. the timing of a ruling on personal jurisdiction— does not satisfy this standard. While Defendants cite cases where district courts have decided the issue at the conditional certification stage, none of those cases holds that a court *must* decide the issue then. Defendants cite no cases, and Plaintiffs have found none, that hold that jurisdictional questions *must* be decided before conditional certification. In light of the complete absence of conflicting decisions, the likelihood of reversal on the issue of timing is far from substantial. *See Aspen American Ins. Co. v. Charmoli,* 23-cv-610-bhl, 2023 WL 4562548 (E.D. Wis. July 17, 2023) ("Courts generally find 'a substantial ground for difference of opinion' only where a movant demonstrates "'a substantial likelihood' that the interlocutory order will be reversed on appeal.")

It is true that courts have come to different conclusions regarding *Bristol Myers'* application to FLSA collective actions, but as explained above, §1292(b) certification would not confer jurisdiction on the Court of Appeals to decide that issue, and, accordingly, Defendants cannot meet their burden of proving there is a substantial likelihood of that non-decision being reversed on appeal.

### (4). An Interlocutory Appeal will Delay, not Speed up the Litigation.

The fourth criterion presents the most compelling reason for denying the motion for interlocutory appeal. If interlocutory appeal is denied, then under the current scheduling order,

the *Bristol Myers* personal jurisdiction issue (assuming out-of-state workers opt-in) will be decided in February 2024 when the motion for decertification is filed.  An interlocutory appeal will take much longer even assuming such an appeal could resolve the *Bristol Myers* issue.  The first appeal in this case took 14 months, and it will take another year from that decision before the Supreme Court considers Defendants' petition for certiorari.  There is no reason to believe that an interlocutory appeal of the *Bristol Myers* issue will be finally decided any more quickly.  That delay would be unconscionable, particularly in a case that seeks something so basic as the lawful minimum wage and overtime.  The point of the §1292(b) exception to the final judgment rule is to allow immediate appeals of issues that will advance the speedy resolution of a case.  Defendants' motion for certification of the August 2 Order fails that test miserably.

Moreover, motions for summary judgment are also due on February 16, 2024.  While the Seventh Circuit outlined a number of factual considerations that must be considered in applying the agricultural exemption to the FLSA, the discovery to date indicates that none of those factual considerations are disputed.  What is disputed is simply the legal conclusion to be drawn from those undisputed facts and that is an issue ripe for summary judgment.  Defendants apparently agree with this assessment as they are currently arguing to the Supreme Court that the agricultural exemption question is a legal question properly decided on a motion to dismiss. As a result, it is likely that in a matter of months—and certainly in far less time than Defendants' interlocutory appeal will take—the entire case, including the personal jurisdiction issue, will have been reduced to a final judgment allowing all issues in this case to be raised in one appeal as the drafters of 28 U.S.C. §1292 intended. *Microsoft Corp. v. Baker,* 582 U.S. 23, 36-37 (2017) (the final judgment rule "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and

promotes the efficient administration of justice."). Other courts faced with the same issue of *Bristol Myers* application to FLSA collective actions have rejected interlocutory appeals of that issue on the grounds that such an appeal would only cause delay and would not advance the ultimate termination of this litigation. *See, e.g. Knecht v. C & W Facility Services, Inc.* 2021 WL 2662051 at *1 (S.D. Ohio June 10, 2021) ("a decision as to *the proper time for considering* that personal jurisdiction issue will not materially advance the ultimate termination of [this FLSA] case."); *Seiffert v. Qwest Corp.,* No. CV-18-70, 2019 WL 859045 at *1-5 (D. Mont. Feb. 22, 2019) (denying interlocutory appeal of conditional certification decision rejecting application of *Bristol Myers* to collective actions on grounds that such an appeal would not materially advance the litigation).

### (5). Defendants' Request for Stay should be Denied

If the Court grants Defendants' motion to certify the August 2 order, Defendants seek an order staying all proceedings in this case. That request should be denied.

By statute, filing an interlocutory appeal does not automatically stay proceedings in the district court. 28 U.S.C. §1292(b). Rather, a district court may grant a stay to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). Moreover, "[a] stay is not a matter of right, [however,] even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). Instead, it is "an exercise of judicial discretion." *Id.* Stay pending interlocutory review is "extraordinary relief" for which the moving party bears a "heavy burden." *Winston-Salem/Forsyth Co. Bd. of Edu. v. Scott,* 404 U.S. 1221, 1231 (1971). In determining whether it is appropriate to stay enforcement of an order pending review, the district courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken,* 556 U.S. at 434.[2]

Defendants' chances of success on the merits are slim given the complete absence of authority for the proposition that the district court must address the personal jurisdiction question at the conditional certification stage rather than at the decertification stage.  As for harm, the only harm to Defendants that could possibly occur in the absence of a stay is the issuance of notice to out-of-state workers.  That is not sufficient injury to justify a stay, *see Trustmark Ins. Co. v. John Hancock Life Ins. Co.,* 631 F.3d 869, 872 (7th Cir. 2011) ("delay and expense of adjudication are not 'irreparable injury'"), and Defendants offer no argument whatsoever for staying any other aspect of the case.  Even if the alleged harm from notifying out-of-state workers were sufficient injury for a stay, that injury to Defendants is far outweighed by the injury to the out-of-state workers whose statute of limitations would continue to run. Tolling of the statute of limitations would somewhat ameliorate the injury to workers, but Defendants do not offer tolling. Moreover, even with tolling, there would still be a risk of harm to out-of-state workers as delay in issuing notification renders their contact information stale and memories fade.  A stay limited to out-of-state workers would also harm Plaintiff and the rest of the collective because the lengthy delay required for this interlocutory appeal would impose significant new burdens on them. If Defendants are permitted to appeal and are not successful, notice would have to issue to the out-of-state workers, a second opt-in period would be necessary, and, in the event,

---

[2] Defendants' citation to *Coinbase, Inc. v. Bielski,* 143 S.Ct. 1915, 1921 (2023), is inapposite. That case involved an interpretation of 9 U.S.C. §16, a statute which permits interlocutory appeals of orders denying arbitration.  That statute has nothing to do with this case.  Moreover, unlike the Court's interpretation of 9 U.S.C. §16, Congress was clear when it adopted 28 U.S.C. §1292(b), that the issuance of a stay was not mandatory but committed to the sound discretion of the district court.

Defendants had some argument that some or all of those workers were not similarly situated, a second motion to decertify would be necessary.

Defendants have identified no lawful reason to justify stringing out the resolution of this case in this way.  The public interest, as clearly expressed by Congress, is that similarly situated workers should be notified and permitted to join the action, and that interest will only be served by rejecting the motion to certify interlocutory appeal and rejecting the request for a stay.

## CONCLUSION

For all of the foregoing reasons, Defendants have failed to carry their "burden of convincing the court that [this] case involves 'exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Auto. Pros.*, 379 B.R. at 751 (quoting *In re Woltman*, No. 06-2088, 2006 WL 2052078, at *1 (C.D. Ill. May 24, 2006)).  Accordingly, the motion to certify the Court's August 2, 2023 Order conditionally certifying Plaintiffs' FLSA action should be denied.


Respectfully submitted,


 *s/ Jennifer J. Zimmermann*
 Jennifer J. Zimmermann, WI Bar No. 1067828
 jjz@legalaction.org
 Erica Sweitzer-Beckman, WI Bar No. 1071961
 elb@legalaction.org
 LEGAL ACTION OF WISCONSIN
 744 Williamson Street, Suite 200
 Madison, WI 53703
 Tel: 608-256-3304
 Fax: 608-256-0510

 Edward Tuddenham
 edwardtuddenham@gmail.com

12

EDWARD TUDDENHAM
42 Ave. Bosquet
Paris
France
Tel: +33 68 479 8930

Lorraine Gaynor
IA Bar No. AT0011144
*Admitted Pro Hac Vice*
lgaynor@iowalaw.org
IOWA LEGAL AID
1700 S. 1st Avenue, Suite 10
Iowa City, IA 52240
Tel: 319-351-6570

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2023, a copy of the foregoing Plaintiff's Brief in Opposition to Motion to Certify Interlocutory Appeal and For a Stay was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/Jennifer J. Zimmermann*
Jennifer J. Zimmermann, WI Bar No. 1067828
jjz@legalaction.org
LEGAL ACTION OF WISCONSIN
744 Williamson Street, Suite 200
Madison, WI 53703
Tel: 608-256-3304
Fax: 608-256-0510
