# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE AGEO LUNA VANEGAS, On behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SIGNET BUILDERS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO.: 3:21-cv-00054-jdp |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF INTERLOCUTORY APPEAL CERTIFICATION

Defendant Signet Builders, Inc. ("Defendant" or "Signet") hereby submits this Reply Brief in support of its Combined Petition for Certification of Interlocutory Appeal, Motion to Amend Court Order, and Motion to Stay Proceedings Pending Appeal

## INTRODUCTION

Despite Plaintiffs' misinterpretation of the relevant factors, this Court's August 2 Order exemplifies the purposes of the interlocutory appeal statute. Neither Plaintiffs nor Defendant have identified another district court order that authorized notice to a nationwide collective action without first adjudicating the relevant personal jurisdiction questions presented here. Even standing alone, that departure from conventional practice would satisfy each of the 28 U.S.C. § 1292(b) criteria. When further taking into account the constitutional nature of the inquiry, the inability for Defendant to obtain relief after final judgment, the risk of disregard for Supreme Court and Seventh Circuit precedent, and the Parties' agreement on the underlying facts, the need for immediate appeal becomes even more evident.

1

**ARGUMENT**

I. **Permitting appellate review of the impactful opt-in notice decision would allow the Court and the Parties to proceed with confidence and certainty.**

Above all else, this Court's authorization of notice sets this case apart from a routine challenge to conditional certification. No other district court has acknowledged the circuit split but declined to engage in a personal jurisdiction analysis while simultaneously ordering notice be sent to out-of-state putative plaintiffs. Instead, once the circuits began holding that Bristol-Myers Squibb applies to FLSA collective actions, most district courts recognized that "to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." Bristol-Myers Squibb Co. v. Superior Court of Cal., 137 S. Ct. 1773, 1781 (2017) (cleaned up). And if the court cannot exercise specific personal jurisdiction over claims of out-of-state putative plaintiffs, then those individuals do not receive opt-in notices.

The alternative—sending notice to individuals who may not ever have justiciable claims in this action—risks crossing the line from litigation management to impermissible claim solicitation. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989) ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims."); Bigger v. Facebook, Inc., 947 F.3d 1043, 1049-50 (7th Cir. 2020). ("in the specific situation where the court has been shown certain individuals may not join the action, it may be *in* efficient to send notice to those people . . . in that situation, the risk is high that the notice will appear to facilitate abuse of the collective-action device and thus place a judicial thumb on the plaintiff's side of the case."). Tellingly, Plaintiff ignores both the legal significance and practical realities of this issue. Plaintiff's Response Brief altogether omits any reference to the Supreme Court's seminal Hoffmann-La Roche decision.

Moreover, this Court's Order effectuates a potential immediate and irreparable harm to Signet: delivery of court-sanctioned notices to hundreds of the company's current and former employees across multiple states and worksites nationwide. The time sensitive nature of this Court's holding amplifies the need for interlocutory certification and a related stay of proceedings pending appeal; without the opportunity to appeal now, Signet cannot redress that harm. The lack of available remedy after final judgment supports appellate review—in fact, these circumstances satisfy the requirements for a writ of mandamus, a much higher bar than interlocutory appeal certification. In re JPMorgan Chase & Co., 916 F.3d 494, 499 (5th Cir. 2019) ("Chase will have no remedy after a final judgment because the notice issue will be moot once Chase has provided the required contact information and notice has been sent to putative collective members. Chase has easily met the first requirement for the writ.").

**II.     Signet's narrow request for interlocutory appeal certification—limited to threshold issues of first impression—exceeds the statutory criteria.**

This Court's Order includes rulings on multiple questions of law, each of which would independently satisfy the Section 1292(b) factors. Even if the Court did not expressly decide the applicability of Bristol-Myers Squibb to FLSA collective actions, the issue was de facto decided in Plaintiffs' favor through the inclusion of non-Wisconsin workers in the conditional certification. The potential improper claim solicitation resultant from this Court's authorization of nationwide notice—even standing alone, and even if the Seventh Circuit ultimately affirms the Order—presents at least enough of a distinction from precedent to meet the requirements for interlocutory certification.

**A.  These issues each present questions of law.**

These issues involve questions of law because the Seventh Circuit can resolve them "cleanly without having to study the record" and "without having to wait till the end of the case."

Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 677 (7th Cir. 2000). See also Holder v. A&L Home Care & Training Ctr., LLC, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021) ("[C]onditionally certifying a FLSA collective involves a controlling question of law.").

Whether Signet employees outside Wisconsin are legally eligible to join this action presents a pure question of law. And whether legally ineligible employees may nonetheless receive court-authorized notice of this action presents another question of law. Logically, the first question must be resolved before the second.

Plaintiff conflates *legal* ineligibility with *factual* ineligibility. See Dkt. 114, p. 4 ("It is not until after discovery . . . that a court decides whether the potential opt-ins are similarly situated and thus legally eligible"). In most cases, the time between conditional certification and decertification would allow discovery to develop evidence of whether the potential opt-in plaintiffs are similarly situated. At decertification, factually dissimilar opt-in plaintiffs could be excluded based on the evidence educed from depositions and document productions. Here, to the extent some factual development would lead to decertification—which may occur—none of the facts would affect the disposition of personal jurisdiction. As Plaintiff readily admits, the only facts necessary to resolve the personal jurisdiction question—the facts of where Signet employees lived and worked—are undisputed.

If Bristol-Myers Squibb applies to FLSA collective actions, Signet employees outside of Wisconsin would be legally ineligible to join the collective action because no amount of discovery would change that jurisdictional rule. Therein lies the distinction between legal and factual ineligibility. No matter how the litigation proceeds, "individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action" could never become eligible opt-in plaintiffs and thus should not receive opt-in notices. Bigger, 947 F.3d at 1049. The

same principle applies to out-of-state plaintiffs when the parties do not dispute that they are, indeed, out-of-state. Consequently, Defendant's request for appellate review concerns exclusively legal, not factual, issues.

Plaintiff effectively concedes this point: "the discovery to date indicates that none of those factual considerations are disputed. What is disputed is simply the legal conclusion to be drawn from those undisputed facts." Response Brief, Dkt. 114, p. 9. Going further, Plaintiff acknowledges that the underlying issue will ultimately be resolved by an appellate court without dependence on the factual record: "Whether they will be able to vindicate their rights in this forum will depend on whether decertification is granted and/or how the Bristol Myers issue is finally decided, either by this Court or, more likely, by the Court of Appeals or the Supreme Court." Id., p. 7.

### B. The questions of law are controlling.

"If [Signet] prevailed on appeal, that ruling would be quite likely to affect the future course of this litigation. Thus, the issue would be controlling." Bayer Healthcare, LLC v. Norbrook Lab'ys, Ltd., No. 08-C-0953, 2010 WL 338089, at *4 (E.D. Wis. Jan. 20, 2010). See also Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir.1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."); Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991) ("a growing number of decisions have accepted the rule that a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants").

Plaintiff responds that nothing in the Order qualifies as controlling because "Regardless of whether the issue is decided at the conditional certification stage or at the decertification stage, the

case will proceed to summary judgment and trial in exactly the same way." Response Brief, Dkt. 114, p. 5. That bold contention is divorced from reality. Even in more routine FLSA conditional certification cases, courts recognize that "[t]he size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation." Holder, 552 F. Supp. at 747–48. Consequently, "an immediate appeal may move this litigation along." Id. (certifying conditional certification order for interlocutory review). See also Bayer Healthcare, 2010 WL 338089, at *4 (certifying interlocutory appeal when "the issues in this case will be substantially narrowed" if the appeal reverses the decision).

### C. The difference of opinion between this Court and other courts supports appellate review.

Because this Court's facilitation of notice to potentially ineligible individuals risks running afoul of Hoffmann-La Roche, Bigger, and other courts, a substantial ground for difference of opinion exists. Even under Plaintiff's characterization—that there is a "complete absence of authority" on the issue (Dkt. 114, p. 11)—that lack of binding precedent counsels *in favor of* granting interlocutory certification. Clark v. A&L Homecare & Training Ctr., LLC, 68 F.4th 1003, 1008–09 (6th Cir. 2023) (accepting interlocutory appeal to review "a district court's decision whether to send notice of an FLSA suit to 'other employees' of the defendant," in part because "[t]he district court also observed that our court had not yet addressed" this conditional certification issue); Bayer Healthcare, , 2010 WL 338089, at *4 (While the Court believes that its analysis of the issues is correct, Norbrook's arguments are plausible and, given the fact that similar circumstances have not been addressed by the Federal Circuit, 'substantial grounds for a difference of opinion on the issue exist.'").

6

**D. Immediate appellate review would advance the litigation.**

Interlocutory appeal certification would materially advance the litigation by narrowing the scope of discovery, simplifying the notice process, and allowing the parties to proceed with certainty about Signet's potential liability.[1] The impact of this Court's Order cannot be understated: the inclusion of out-of-state plaintiffs increases the size of the conditionally certified collective from fewer than 30 to up to 600 potential opt-in plaintiffs. See Dkt. 96-1, Declaration of Natalie Farmer (noting that, in the last two years, Signet employed 23 H-2A workers in Wisconsin). Importantly, "all that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation." Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original).

Given that Plaintiff anticipates a final judgment "in a matter of months," Dkt. 114, p. 9, no prejudice will result from an appeal of the threshold issues.[2] To the contrary, all Parties and the Court would benefit from a clear framework to guide the conditional certification process. See Sterk, 672 F.3d at 536 ("uncertainty about the status of [issue] may delay settlement (almost all class actions are settled rather than tried), and by doing so further protract the litigation. That is

---

[1] The Supreme Court has distributed Signet's Petition for Writ of Certiorari for its September 26, 2023 Conference. Barring an unlikely schedule change or relisting, the Court will decide whether to grant Signet's Petition at that Conference. Docket Entry, Signet Builders v. Luna Vanegas, Case No. 22-869 (Jun. 28, 2023). The possibility of the Supreme Court accepting Signet's petition and thereafter reversing the Seventh Circuit's decision is yet another reason not to issue notice to hundreds of individuals over whose claims the district court may not have personal jurisdiction.

[2] The "remarkably efficient" Seventh Circuit "will decide a civil appeal within three to four months" on average. Michael T. Brody, *When Will the Court Rule?*, Law.com, Mar. 18, 2020, available at https://www.jenner.com/a/web/ok1GnULXAxe5do6QMpzaMp/4HRMZQ/Brody%2520law.com%2520March%2520 18%25202020.pdf.  Thus, Plaintiff's concerns about lengthy delays are unfounded, as are Plaintiff's arguments about overlapping Rule 23 class action notices; the Court of Appeals could decide this interlocutory appeal before Plaintiff's February 16, 2024 deadline to move for class certification of his state law claims.

enough to satisfy the 'may materially advance' clause of section 1292(b)"). A binding decision from the Court of Appeals would also provide guidance on these issues to the extent they may arise again at a later stage of litigation, or even in other cases before this Court. To address Plaintiff's timing concerns, Defendant does not oppose tolling the statute of limitations for putative collective members during the pendency of any interlocutory appeal.

### III. Circuit courts accept review of appeals from conditional certification orders.

Setting aside the novel notice-first process and the Bristol-Myers Squibb issue, circuit courts increasingly accept interlocutory appeals of conditional certification orders. Circuit courts have been clear that "a district court's decision whether to send notice of an FLSA suit" presents a question "of law" and satisfies the statutory prerequisites for discretionary interlocutory review. Clark v. A&L Homecare & Training Ctr., LLC, 68 F.4th 1003, 1008–09 (6th Cir. 2023). See also Swales v. KLLM Transp. Servs., L.L.C., 985 F.3d 430, 438–39 (5th Cir. 2021) ("The district court granted Plaintiffs' motion, conditionally certifying a collective of potentially thousands of KLLM truck drivers. . . . At the end of its opinion, the district court sua sponte certified its certification decision for interlocutory appeal under 28 U.S.C. § 1292(b) and stayed the case.").

As evidenced by the Bigger decision, the Seventh Circuit agrees that interlocutory appeal of conditional certification orders remains appropriate when, as here, the statutory criteria are satisfied. See Bigger, 947 F.3d at 1043. Plaintiff dismisses this case because the Court of Appeals only addressed a "narrow issue" and "did not render any opinion about the arbitration agreements themselves as the district court's order had not ruled upon them." Response Brief, Dkt. 114, p. 6. But the fact remains that the Seventh Circuit accepted interlocutory review of an FLSA conditional certification decision when notice would have otherwise been sent to an overbroad collective action. Actually, the absence of a ruling from the district court on the arbitration agreement makes

8

this case even more analogous—here, like in Bigger, the Court has not expressly ruled on the underlying issue (here, personal jurisdiction), but the Order can nonetheless be reviewed to decide the narrow predicate issue of how and when the personal jurisdiction inquiry should take place.

### IV.     Plaintiff improperly frames the issues and overlooks the controlling legal questions.

The same common theme runs throughout Plaintiff's Response Brief: recitation of vague general principles followed by inappropriate extrapolation of those principles as applicable to the novel circumstances presented here. For instance, Plaintiff asserts that "the timing and procedure" of conditional certification presents a routine administrative matter outside the scope of Section 1292(b) review. Response Brief, Dkt. 114, p. 3. But Plaintiff fails to mention that "where the court has been shown certain individuals may not join the action . . . the risk is high that the notice will appear to facilitate abuse of the collective-action device and thus place a judicial thumb on the plaintiff's side of the case." Bigger., 947 F.3d at 1049-50 (accepting interlocutory appeal from an FLSA conditional certification order to avoid the "danger" that court-facilitated notice "may become indistinguishable from the solicitation of claims").

Plaintiff then contends that "district courts have discretion to decide when to rule on questions of personal jurisdiction." Response Brief, Dkt. 114, p. 3. True, but only in some limited situations not relevant here. See, e.g., Page v. Democratic Nat'l Comm., 2 F.4th 630, 639 (7th Cir. 2021) ("the district court acted within its discretion in addressing questions of personal jurisdiction without first ensuring itself of its own subject matter jurisdiction"). Otherwise, the law remains that "[p]ersonal jurisdiction . . . is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800 (7th Cir. 2014) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)). See also Dental USA, Inc. v. Beak & Bumper, LLC, No. 13 C

02149, 2014 WL 683709, at *5 (N.D. Ill. Feb. 21, 2014) ("district courts ordinarily must address subject-matter and personal jurisdiction at the outset of a lawsuit, before addressing any other issues in the case").

These rules have been applied without controversy in context of class and collective actions. Compare Response Brief, Dkt. 114, p. 8 ("Defendants cite no cases, and Plaintiffs have found none, that hold that jurisdictional questions must be decided before conditional certification.") with Krstic v. J.R. Contracting & Env't Consulting, No. CIV.A. 09-CV-2459 (P, 2010 WL 395953, at *3 (D.N.J. Feb. 4, 2010) ("To consider Plaintiffs' motion for conditional certification the issue of subject matter jurisdiction must be resolved.") and Traylor v. Avnet, Inc., 257 F.R.D. 521, 525 (D. Ariz. 2009) ("Before we reach the issue of class certification, we consider two threshold jurisdictional issues.").

In fact, when faced with the precise issue of when to conduct a Bristol-Myers Squibb analysis with respect to putative out-of-state FLSA opt-in plaintiffs, courts have not merely applied the rule, they have expressly stated it: "In order for the Court to determine to whom the plaintiff can appropriately send notice, it **must necessarily decide** whether notifying out-of-state plaintiffs would be appropriate. The Court will therefore rule on the personal jurisdiction question." Roberts v. Sidwell Air Freight Inc., No. C21-5912 BHS, 2022 WL 16949565, at *4 (W.D. Wash. Nov. 15, 2022) (bold emphasis added).

**V.    Signet did not raise Bristol Myers Squibb "prior to conditional certification" and therefore cases with that procedural posture are inapposite.**

The undersigned could not find an example of another district court acknowledging the circuit split but declining to engage in a personal jurisdiction analysis while simultaneously ordering notice be sent to out-of-state putative plaintiffs.

10

As Defendant pointed out in its opening Motion, "the only cases—other than this one—where the collective action was conditionally certified to include out-of-state claims without deciding Bristol-Myers Squibb personal jurisdiction issue first were decided before issuance of any of the relevant circuit court decisions on the issue, or before Bristol-Myers Squibb itself." Dkt. 110, p. 11. Much of the authority referenced in Plaintiff's Response Brief falls in these two latter categories of cases.

The remaining cases cited by Plaintiff have completely dissimilar procedural postures. Plaintiff relies on cherry-picked quotations where courts used perhaps imprecise wording to describe how they "declined to consider this issue prior to conditional certification." Kessler v. Casey's Gen. Stores, Inc., No. 22-CV-02971-SPM, 2023 WL 5000276, at *3 (S.D. Ill. Aug. 4, 2023). But a careful review of the dockets and procedural histories of those cases shows that **none of those district courts issued opt-in notices to individuals before resolving the personal jurisdiction issue as to those out-of-state claims.** Those courts only "decline to consider" the Bristol-Myers Squibb issue when the case may not proceed as a collective action at all; courts reject attempts to bifurcate a hypothetical collective that may never be conditionally certified. In other words, if a court outright denies a motion for conditional certification, there would never be a need to decide the scope of the collective action. The same judicial efficiency principles apply here—there would never be a need for notice and discovery regarding Signet's non-Wisconsin employees if the court outright does not have jurisdiction over their claims.

Parsing through the procedural history of Plaintiffs' cited cases helps illustrate why this Court's unique holding presents a controlling question of law ripe for interlocutory appeal. In Kessler, the defendant filed a motion to dismiss under Rule 12(b)(2) based solely on plaintiff's complaint seeking to certify a collective that could include "potential claims brought by employees

11

who neither resided nor worked in Illinois." Kessler, 2023 WL 5000276, at *1, 2. Because the court had not yet ruled on whether the plaintiff could proceed with conditional certification of *any* collective action, it held that defendant's motion to dismiss non-Illinois workers was "premature." Id. at *3.[3]

In another recent Northern District of Illinois case cited in Plaintiffs' Response Brief, "[d]efendant move[d] to dismiss the complaint in its entirety on various grounds." Zigler v. Edward D. Jones & Co., L.P., No. 22 C 4706, 2023 WL 3918966, at *1 (N.D. Ill. June 9, 2023). On the ground of "personal jurisdiction with respect to the potential claims of out-of-state, opt-in members of the EPA collective," the court reasoned: "The Seventh Circuit has not spoken on this issue, and while several courts in this circuit have aligned with the view of the Sixth and Eighth Circuits, they have declined to dismiss the claims of out-of-state plaintiffs and opt-ins on jurisdictional grounds prior to conditional certification." Id. at *3. Consistent with other decisions, the Zigler court uses the phrase "prior to conditional certification" to mean prior to the plaintiff ever filing a motion for conditional certification (and prior to ruling on whether plaintiff satisfies the first step test).

---

[3] The Kessler court, like this Court, also cited to Ionnotti v. Wood Group Mustang, 20-cv-958-DWD (S.D. Ill. July 6, 2021) and Parker v. IAS Logistics DFW LLC, 2021 WL 170788 (N.D. Ill. Jan. 1, 2021). Although Kessler parenthetically describes those two cases as holding that "the personal-jurisdiction analysis should take place after a ruling on the motion for conditional certification," the reasoning in both Ionnotti and Parker reveals that—like Kessler itself—they stand for a narrower proposition: courts should first rule on whether the plaintiff makes the prerequisite showing that others in the potential class are similarly situated (i.e., whether there should be any conditional certification); then, if necessary, courts should determine whether specific personal jurisdiction exists over the claims of out-of-state individuals who might otherwise be included in the conditionally certified collective. For the reasons explained in Signet's Motion, neither of those cases support this Court's order sending opt-in notices to individuals over whose claims the court could not exercise jurisdiction. See Dkt. 110 at pp. 8-9.

12

Plaintiffs then go outside this Circuit to reference Lochren v. Horne LLP, No. 6:21-CV-1640-WWB-LHP, 2022 WL 14065521, at *2 (M.D. Fla. May 3, 2022). There, the defendant again raised the Bristol-Myers Squibb issue by way of a preemptive motion to dismiss—and the court explained why that procedural posture did not support dismissal:

> Defendant raises this argument prospectively – the case is in its relative infancy, it is just over six (6) months old, the only Notices of Consent to Sue have been filed by the named Plaintiffs themselves, the parties are currently under an FLSA Scheduling Order, with the deadline for advising the Court on settlement negotiations extended to June 14, 2022, discovery has not yet commenced, and **no collective action certification filings have been made**.

Lochren, 2022 WL 14065521, at *2 (bold emphasis added).

The Lochren opinion goes on to describe why defendants should assert Bristol-Myers Squibb challenges to personal jurisdiction at "the conditional certification stage" (put differently, *not* at the decertification stage). Id. at *3. As the court points out, the Sixth Circuit decided Canaday v. Anthem Cos., Inc., 9 F.4th 392 (6th Cir. 2021) after "a motion to certify a collective action was filed, and the [personal jurisdiction] issue was raised in response to that motion." Lochren, 2022 WL 14065521, at *3 (citing Canaday, 9 F.4th at 395). Similarly, in the Eighth Circuit, "the issue of specific personal jurisdiction over the putative class members" was appropriately decided when "Plaintiffs moved to conditionally certify a collective action." Lochren, 2022 WL 14065521, at *3 (citing Vallone v. CJS Sols. Grp., LLC, 9 F.4th 861, 864 (8th Cir. 2021)).

As Signet pointed out, "since the Sixth Circuit's Canaday decision, it appears that this Court's procedural order of operations has not been followed by any other district court." Dkt. 110, p. 2. Nothing cited by Plaintiff rebuts that contention.

In the absence of binding guidance from the Seventh Circuit, Signet followed the procedure adopted in other circuits by challenging personal jurisdiction in response to Plaintiffs' Motion for Conditional Certification. This Court, however, articulated a new standard for handling Bristol-

13

Myers Squibb challenges to the scope of conditional certifications. Of course, reasonable minds may disagree about the merits of this Court's notice first-jurisdiction second approach, but the novelty of this approach and its inconsistency with other courts cannot be denied. When these circumstances arise on an issue that will drastically alter the scope of the litigation, it is "the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken." Ahrenholz, 219 F.3d at 677.

## VI. The general discretion of trial courts does not decide the appealability question.

Plaintiff asserts that "conditional certification procedures are committed to the sound discretion of the district court and are not appropriate for interlocutory appeal." Response Brief, Dkt. 114, p 3. This legally incorrect argument fails for a number of reasons.

First, Plaintiff's argument relies on a false premise that discretionary decisions are somehow exempt from the scope of permissible interlocutory appeals; nowhere does Section 1292(b) preclude appellate review of issues within the trial judge's discretion. Indeed, "abuse of discretion" is a well-established standard of review; if there could be no appeals of discretionary decisions, there could never be an abuse of discretion. Appellate courts have no trouble applying this standard of review, even in the precise context of an interlocutory appeal from conditional certification. See, e.g., Clark, 68 F.4th at 1008–09 ("The court therefore certified its order for interlocutory review under 28 U.S.C. § 1292(b). . . . We review for an abuse of discretion a district court's decision whether to send notice of an FLSA suit to 'other employees' of the defendant."). Discretionary decisions can even be challenged through a writ of mandamus. In re Ford Motor Co., Bridgestone/Firestone N. Am. Tire, LLC, 344 F.3d 648, 651 (7th Cir. 2003) ("even in the context of discretionary decisions, mandamus remains an appropriate remedy if the trial judge commits a 'clear abuse of discretion'").

Second, this Court's Order actually involves two key situations where the discretion of district courts in managing FLSA collective actions has been limited: "discretion is cabined by the FLSA's 'similarly situated' requirement and the Supreme Court's decision in Hoffmann La-Roche." Swales v. KLLM Transp. Servs., L.L.C., 985 F.3d 430, 443 (5th Cir. 2021) (granting interlocutory appeal to decide "[h]ow rigorously, and how promptly, should a district court probe whether potential members are 'similarly situated' and thus entitled to court-approved notice of a pending collective action"). In adjudicating an interlocutory challenge involving FLSA notice, the Sixth Circuit recently confirmed that, under Hoffmann La-Roche, "notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own." Clark, 68 F.4th at 1010. Here, Defendant seeks to appeal the appropriate timing and scope of a district court's discretion in authorizing notice—the same issue that two circuits recently decided on interlocutory review—with the added issue of personal jurisdiction under Bristol-Myers Squibb. In a growing number of circuits—including the Seventh Circuit under Bigger—the district court's discretion on these issues is not unbridled but rather expressly governed by binding precedent.

Finally, Plaintiffs' cases regarding the appealability of discretionary decisions are based on complementary policy objectives as Signet's request for appeal certification here. The Seventh Circuit has explained that it "generally do[es] not hear interlocutory appeals of discovery rulings . . . because the disadvantaged party has a remedy at the end of the district court proceeding, and thus it is more efficient for us to consider an appeal of a discovery ruling as part of an appeal of a final judgment." United States v. Butler, 316 F. App'x 503, 504 (7th Cir. 2009). Here, however, unlike routine discretionary discovery issues, these same policies—efficiency and preserving a party's available remedies—can only be effectuated by *granting* Defendant's Motion.

**VII.     Plaintiff's Rule 23 arguments cut the other way.**

Plaintiff advances an odd theory that a hypothetical ruling on the separate issue of Rule 23 class certification—when no Rule 23 motion has been filed much less granted—somehow changes the application of Section 1292(b) factors to this Court's Order. This presumptuous argument actually cuts the other way because regardless of how the Court may rule on a future Rule 23 motion, Defendant would have an automatic right to immediately appeal that order. See Culver v. City of Milwaukee, 202 F.3d 272 (7th Cir. 1999) ("A recent addition to Rule 23 allows the courts of appeals to accept interlocutory appeals of class certification issues, even without a district court's certification of the appeal" (citing Fed. R. Civ. P. 23(f)).[4]

Plaintiff's other premise—that he would meet the standard for nationwide class action certification based on his Wisconsin law breach of contract claims—cannot be foisted onto this Court as an unavoidable truth. See, e.g., Grace v. Apple, Inc., 328 F.R.D. 320, 343 (N.D. Cal. 2018) ("In turn, "[b]ecause adjudication of the nationwide claims will require application of the laws of 50 states, common questions of law would not predominate for the proposed nationwide class"); Panetta v. SAP Am., Inc., No. CIV.A. 05-4511, 2006 WL 924996, at *2 (E.D. Pa. Apr. 6, 2006) ("Because plaintiff brings this lawsuit solely under state law, he fails under the commonality prong as well. He declines to posit how many states' laws will be applicable to this suit, but if any of the class members are in states other than Pennsylvania, the collective claims will fail commonality because a different legal standard will apply to each individual class member's specific claim.").

---

[4] This automatic appealability rule also reflects the de facto case-dispositive nature of certification decisions; although statutes such as the FLSA are not as easily amendable as the Federal Rules, the same policy concerns underline collective action certification decisions.

Moreover, the standard for Rule 23 class certification of state law claims is higher than FLSA certification. Put differently, "if plaintiffs cannot satisfy the standard for FLSA certification, they cannot meet the higher standard for Rule 23 certification of analogous state-law claims." Weeks v. Matrix Absence Mgmt. Inc., No. CV-20-00884-PHX-SPL, 2022 WL 17104261, at *3 (D. Ariz. Nov. 22, 2022).

At bottom, however, the ultimate disposition of a future request for class certification of state law claims has no bearing on the instant request for interlocutory certification, which is governed by statute. Nor does Plaintiff's argument have any bearing on the underlying legal issues that Signet seeks to appeal. Pursuant to this Court's Order, the Rule 23 issue can and should wait to be litigated next February.

## **CONCLUSION**

For the foregoing reasons, the Court should certify an interlocutory appeal from the August 2 Order granting Plaintiff's Motion for Conditional Certification. Defendant respectfully requests that the Court effectuate the appeal by amending the Order to add the necessary findings and by staying the district court proceedings pending the Seventh's Circuit's disposition of the appeal.

Defendant also respectfully reiterates that its Motion for Interlocutory Appeal incorporates an alternative Motion for Reconsideration of the August 2 Order. See Dkt. 110, p. 13 n. 14.

Respectfully submitted this 18th day of August, 2023.

*/s/Joshua H. Viau*
Ann Margaret Pointer
*Admitted Pro Hac Vice*
GA Bar No. 592780
Edward N. Boehm, Jr.,
*Admitted Pro Hac Vice*
GA Bar No. 183411
Joshua H. Viau
*Admitted Pro Hac Vice*

17

>GA Bar No. 378557
>apointer@fisherphillips.com
>tboehm@fisherphillips.com
>jviau@fisherphillips.com
>
>FISHER & PHILLIPS LLP
>1230 Peachtree Street NE, Suite 3300
>Atlanta, GA 30309
>Tel:  404-231-1400
>Fax:  404-240-4249
>
>Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of the foregoing to counsel of record as follows:

>Jennifer J. Zimmermann
>Erica Sweitzer-Beckman
>Legal Action of Wisconsin
>744 Williamson Street
>Suite #200
>Madison, WI 53703
>
>Lorraine A. Gaynor
>Iowa Legal Aid
>1700 S. 1st Ave., Suite 10
>Iowa City, IA 52240
>
>Edward Tuddenham
>42 Avenue Bosquet
>Paris, Ille de France
>75007

>*/s/Joshua H. Viau*
>Joshua H. Viau
>*Admitted Pro Hac Vice*
>GA Bar No. 378557
>jviau@fisherphillips.com